UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROSEMARY RANDO,<br><br>Plaintiff<br><br>v.<br><br>BELL-CARTER FOODS, INC., and DOES 1-50, inclusive,<br><br>Defendant | CASE NO. 1:21-CV-0440 AWI SKO<br><br>ORDER ON PLAINTIFF'S MOTIONS TO AMEND AND REMAND AND REMANDING MATTER TO THE STANTISLAUS COUNTY SUPERIOR COURT<br><br>(Doc. Nos. 8, 9) |
|---|---|

This is a civil rights lawsuit brought by Plaintiff Rosemary Rando ("Rando") against her former employer Defendant Bell-Carter Foods, Inc. ("BCF"). BCF timely removed this matter from the Stanislaus County Superior Court on March 16, 2021, on the basis of federal question jurisdiction. See Doc. No. 2. Currently pending before the Court are Rando's motions to amend and remand. For the reasons that follow, the Court will grant both motions and remand this matter to the state court.

### *Parties' Arguments*

Rando seeks to file an amended complaint that eliminates all federal causes of action. Specifically, Rando wishes to drop her claims under 42 U.S.C. § 2000e *et seq.* (Title VII) and 29 U.S.C. § 2601 *et seq.* (FMLA) and instead pursue claims under California common law, the California Labor Code, and the California Government Code. Rando states that she inadvertently alleged federal causes of action instead of state law causes of action and that BCF would suffer no prejudice if amendment is permitted. Further, if amendment is permitted, the basis for the Court's subject matter jurisdiction will be gone because removal was based on federal question jurisdiction. Since only state law claims would remain, the case should be remanded to state court.

BCF argues that Rando's arguments are disingenuous in that the complaint clearly shows that she intended to allege federal claims. BCF also argues that Rando is improperly attempting to

forum shop and that the amendments are intended to manipulate this case so as to obtain a state court forum. The Supreme Court recognizes that a remand may be denied on the basis of improper forum shopping.

### *Discussion*

1. Motion to Amend

Initially, there is no argument that BCF's removal was improper due to a lack of subject matter jurisdiction. Indeed, the Complaint expressly alleges several federal causes of action. Therefore, the Court has federal question jurisdiction over this case. As a result, permitting Rando to amend her complaint will not deprive this Court of subject matter jurisdiction and will not result in a mandatory jurisdictional remand under 28 U.S.C. § 1447(c). See Sparta Surgical Corp. v. NASD, 159 F.3d 1209, 1213 (9th Cir. 1998).

A review of the opposition shows that, although both the motion to amend and motion to remand are addressed, the opposition is truly trained against remand. There is no significant substantive argument against amendment. BCF does not argue that it would be prejudiced from simply replacing federal claims with the state law analogs, that amendment would be futile, or that there was undue delay, and it cannot argue that Rando has made previous amendments. See Zucco Partners, LLC v. Digimarc Ltd., 552 F.3d 981, 1007 (9th Cir. 2009) (identifying five factors for the court to consider in ruling on a Rule 15 motion to amend).

While BCF's opposition does indicate bad faith, the Court cannot find that any arguable bad faith would justify denying amendment. Rando has decided that she wishes to drop her federal claims for the state law counterparts. Rando is not required to pursue any federal cause of action. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Further, the bad faith argument is based largely on forum manipulation. But, as explained above, permitting amendment will not lead to a mandatory remand. See Sparta Surgical, 159 F.3d at 1213. Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a)(2); Nation v. DOI, 876 F.3d 1144, 1173 (9th Cir. 2017). "This policy is to be applied with extreme liberality." Nation, 876 F.3d at 1173. Given Defendant's opposition, and the extreme liberality required by Rule 15, there is an insufficient basis to deny amendment.

In light of the above, Rando's motion to amend will be granted. The proposed amended complaint that is attached to the motion to amend will be ordered filed and considered the active complaint.

2. Motion to Remand

Because the Court has permitted amendment and all federal claims have been disposed of, there are only state law claims remaining. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over supplemental state law claims when all federal claims have been disposed of prior to trial. See 28 U.S.C. § 1367(c)(3). The general rule is that upon the dismissal or disposition of federal claims before trial, district courts should decline to exercise supplemental jurisdiction. Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-78 (9th Cir. 1992); Jones v. Community Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984). The general rule counsels against exercising supplemental jurisdiction and remanding the matter. Moreover, the specific considerations of fairness, comity, and judicial economy favor remand. [1] See Velazquez v. City of Long Beach, 793 F.3d 1010, 1029 (9th Cir. 2015) (identifying three factors to consider under § 1367(c)). All that is left in this case are state law claims. The Court detects little utility in resolving purely state law issues in the absence of diversity jurisdiction; it is preferable for state courts to resolve state law statutory and common law claims and issues. Moreover, there is nothing unfair about a state court resolving state law claims, particularly when the case was originally filed in state court by Rando. Finally, this case is in its infancy in this Court, and the Fresno Division of the Eastern District of California is facing a massive case load, a major trial backlog due to Covid 19 restrictions, and a shortage judges. Thus, judicial economy does not favor retaining jurisdiction over this case.

BCF relies largely on *Carnegie-Mellon* to argue against remand. In that case, the Supreme Court in part noted that district courts "can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case," and "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining

---

[1] The Court notes that, although it is providing an explanation for invoking § 1367(c)(3), it is technically not required to do so. See Ove v. Gwinn, 264 F.3d 817, 826 (9t h Cir. 2001); San Pedro Hotel Co., Inc. v. City of L.A., 159 F.3d 470, 478 (9th Cir. 1998); Marquez v. KBMS Hospitality Corp., 492 F.Supp.3d 1058, 1061 (C.D. Cal. 2020).

3

whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). After consideration, the Court does not find that forum manipulation is a sufficient basis to deny remand.

First, as discussed above, there are a number of considerations that counsel in favor of remand. To the extent that there is improper forum shopping occurring, that does not outweigh other relevant considerations that strongly favor remand.

Second, the Court is not at all satisfied that there is any improper forum shopping occurring. Rando filed her complaint in state court. It is BCF, not Rando, who is solely responsible for this case landing in federal court. Rando has never indicated a willingness or desire to litigate in this forum or in any forum other than the Stanislaus County Superior Court. The fact that Rando is taking steps to return to the venue where she first filed this case is hardly surprising or indicative of improper forum shopping.

Third, in the context of addressing the propriety of attorneys' fees following a § 1447(c) remand, the Ninth Circuit addressed a situation very similar to this case. In *Baddie v. Berkeley Farms*, 64 F.3d 487, 490-91 (9th Cir. 1995), the Ninth Circuit found that plaintiffs who had amended their complaint to drop federal claims and who then secured a remand had not engaged in manipulative conduct that could support an award of attorneys' fees under § 1447(c). In relevant part, *Baddie* explained:

> The district court reasoned that plaintiffs had been "manipulative" because: "If plaintiffs wished to avoid federal court, they should have dropped their federal claims before ever filing a complaint." We disagree. Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straightforward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

Id. at 491. Here, the Court detects little distinction between *Baddie*'s analysis and this case.

4

Rando filed her motions to amend and remand 27 days after BCF removed the case. The motions to amend and remand were the first filings that Rando made in this Court, and Rando has filed nothing else. The Court finds that Rando's actions in seeking remand were legitimate and done with sufficient due speed. Cf. id. Therefore, under the rationale of *Baddie*, Rando has not engaged in improper forum shopping or other improperly manipulative conduct.[2] See id.

Finally, consistent with *Baddie*, the Ninth Circuit has indicated that the precise course of action that Rando has undertaken is legitimate. In *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1106 n.9 (9th Cir. 1999), the Ninth Circuit noted that a plaintiff had indicated at oral argument that it would prefer to dismiss its federal claims and have the remainder of the case remanded to state court. The Ninth Circuit then stated: "On remand, the district court may, in its discretion, grant Plaintiffs leave to amend their complaint to eliminate their federal claims, decline to exercise supplemental jurisdiction over the remaining claims, and remand the case to state court." Id. The Court is not satisfied that there are any sufficient reasons for it to decline to follow a course of conduct that *Big Bear Lodging* otherwise finds acceptable.

In sum, the Court finds that it is appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims in this case under 28 U.S.C. § 1367(c)(3). Therefore, it is appropriate to grant Rando's motion to remand. See Carnegie-Mellon, 484 U.S. at 345; Big Bear Lodging, 182 F.3d at 1106 n.9.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Doc. No. 8) is GRANTED;
2. The Clerk shall file Plaintiff's proposed first amended complaint (Doc. No. 8-1) as the First Amended Complaint on the docket;

---

[2] The Court notes that Rando's counsel is not claiming that he made an offer to litigate federal claims in state court, rather, he claims that inclusion of the federal claims instead of the state law claims was "inadvertent." There is no explanation of how several federal claims "inadvertently" made their way into the complaint. Without passing on the plausibility of this unadorned and somewhat incredible explanation, the *Baddie* analysis still holds. A plaintiff can allege state law claims in federal court, a defendant can choose to litigate in state court or remove, and a plaintiff can then choose to abandon the federal claims and attempt to return to the original state forum. See id. That is what functionally occurred in this case.

3. Plaintiff's motion to remand (Doc. No. 9) is GRANTED; and

4. After the Clerk files the first amended complaint (Doc. No. 8-1), the Clerk shall forthwith REMAND this matter to the Stanislaus County Superior Court and CLOSE this case.

IT IS SO ORDERED.

Dated: __May 13, 2021__  _____
SENIOR DISTRICT JUDGE